SADIE LAWRENCE and WILLIAM LAWRENCE. Plaintiffs, *v.* THOMAS E. MURRAY, as Receiver of Interborough Rapid Transit Company, Defendant.

Supreme Court, Special Term, Kings County, March 31, 1939.

*Louis L. Berko*, for the plaintiffs.

*James L. Quackenbush*, for the defendant.

WENZEL, J.   This is an application on the part of the attorney for the plaintiffs for an order, under section 1493 of the Civil Practice Act, directing the stenographer who took the minutes of the trial to furnish a copy of the said minutes to the plaintiffs without charge.   The plaintiffs have previously made application to prosecute the appeal as poor persons, under sections 198-a and 199 of the Civil Practice Act, and the application was granted in Special Term by another judge.   While the affidavits in these applications indicate that the plaintiffs are people of limited income and while it is stated by counsel for the plaintiffs that he has received no fee in the matter, it is within the knowledge of this court that negligence actions are taken on a contingent fee basis and that the amount of the fee to be paid sometimes as large as half of the recovery is based upon the fact that the counsel is rendering his services and advancing disbursements contingent upon the recovery by the plaintiff against the defendant.   Nowhere in the affidavits now before this court is stated the basis of the contingent fee to be charged these plaintiffs.   Counsel should not be permitted to make contingent fee agreements with clients which contemplate their prosecution of the case to a successful conclusion before being paid anything for their services and then expecting the county to pay their expenses.   This court feels that an application of this kind should not be granted unless there is disclosed to the court fully and frankly the terms of the agreement between counsel and the plaintiffs as to the amount of fee to be paid.   Motion is therefore denied with leave to renew on papers furnishing the information hereinbefore referred to.